FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2014 AUG 25 AM 11: 53

| | |
|---|---|
| CHRISTINE HAGSTROM, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT |
| KOHL'S DEPARTMENT STORES INC. | ) JURY DEMAND |
| Defendant | ) 5:14-cv-473-OC-22PRL |

Plaintiff, Christine Hagstrom, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendant, Kohl's Department Stores Inc. (hereinafter "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. §227 *et seq.*, the Telephone Consumer Protection Act and the Florida Consumer Collection Practices Act, §559.72 ("FCCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Astor, Lake County, Florida, 32102 and is a "consumer" as defined by §559.55(2) of the FCCPA.

5. Defendant is a corporation doing business in the State of Florida, with its corporate address as N56w17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051, and is a "person" collecting consumer debts as used §559.72 of the FCCPA.

## FACTUAL STATEMENT

6. Plaintiff has a credit card from Kohl's.

7. Defendant began calling Plaintiff in an attempt to collect an outstanding balance of $35.00 that Defendant believed to be owed on the Kohl's credit card in or about November 2013.

8. Plaintiff told Defendant to stop calling Plaintiff on her cell phone, but Defendant continued to call Plaintiff after being told to stop calling.

9. On January 29, 2014, Plaintiff received telephone calls from Defendant at 8:12 am, 11:38 am and 1:11 pm Eastern Standard Time.

10. On January 30, 2014, Plaintiff received telephone calls from Defendant at 9:24 am, 11:39 am, 2:57 pm, 5:15 pm, 6:29 pm and 7:58 pm Eastern Standard Time.

11. On January 31, 2014, Plaintiff received telephone calls from Defendant at 12:38 pm and 3:09 pm Eastern Standard Time.

12. On February 1, 2014, Plaintiff received a telephone call from Defendant at 3:34 pm Eastern Standard Time.

13. On February 3, 2014, Plaintiff received telephone calls from Defendant at 8:28 am, 11:14 am, 1:27 pm, 5:25 pm and 8:26 pm Eastern Standard Time.

14. On February 4, 2014, Plaintiff received telephone calls from Defendant at 8:41 am, 11:25 am and 2:25 pm Eastern Standard Time.

15. All telephone calls from Defendant to Plaintiff were made to Plaintiff's cellular telephone number ending with the last four (4) numbers of 2581.

16. The telephone calls made by Defendant originated from the phone numbers 262-704-9780 and/or 903-553-8790.

17. The telephone numbers 262-704-9780 and 903-553-8790 are owned or controlled by Kohl's.

18. Defendant never had consent from Plaintiff to call her cellular phone and was specifically advised not to call Plaintiff's cellular telephone.

19. Defendant used an automated dialer to call Plaintiff's cell phone number.

## COUNT I
## TWENTY SEPARATE VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

20. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporates them as if specifically set forth at length herein.

21. All twenty (20) telephone calls to Plaintiff from Defendant were done utilizing an automated dialer.

22. Defendant's actions constitute twenty (20) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

WHEREFORE, Plaintiff, Christine Hagstrom, respectfully requests that this Court do the following for the benefit of Plaintiff:

a.  Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA and the FCCPA;

b.  Enter judgment against Defendant for twenty (20) separate and distinct violations of 47 U.S.C. §227b(1)(A)(iii);

c.  Enter judgment against Defendant for statutory damages in the amount of Ten Thousand Dollars ($10,000.00) for (20) separate and distinct violations of 47 U.S.C. §227(b)(1)(A)(iii) or treble damages if the Court deems the violations willful; and

d.  Grant such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## SECTION 559.72(7)

23. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if specifically set forth at length herein.

24. Defendant called Plaintiff twenty (20) times in the span of seven days including six (6) times on January 30, 2014 alone.

25. The frequency of these calls violates §559.72(7) of the Florida Consumer Collection Practices Act which prohibits "willfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family."

4

WHEREFORE, Plaintiff, Christine Hagstrom, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter a judgment against Defendant for actual damages, pursuant to §559.77 of the Florida Consumer Collection Practices Act;

b. Enter judgment against Defendant for statutory damages, pursuant to §559.77 of the Florida Consumer Collection Practices Act, in the amount of $1,000.00;

c. Award costs and reasonable attorneys' fees, pursuant to §559.77 of the Florida Consumer Collection Practices Act to be paid by Defendant to Plaintiff.

d. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

26. Plaintiff demands a jury trial on all issues so triable.

Dated this 21st day of August, 2014

Respectfully Submitted,

Jason S. Weiss
Weiss Law Group, P.A.
5531 N. University Drive
Suite 103
Coral Springs, FL 33067
(T) 954-573-2800
(F) 954-573-2798
Jason@jswlawyer.com
Attorney for Plaintiff

On Behalf of:
Law Offices of Michael Lupolover
180 Sylvan Avenue, Suite 5
Englewood Cliffs, NJ 07632
201-461-0059
matthew@lupoloverlaw.com